## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 4:15-CR-183** |
| | : | |
| **v.** | : | **(Chief Judge Conner)** |
| | : | |
| **ANTHONY AUSTIN GASKIN,** | : | |
| | : | |
| **Defendant** | : | |

### MEMORANDUM

The instant motion (Doc. 42) to suppress physical evidence obtained
pursuant to a search warrant is filed by defendant Anthony Austin Gaskin
("Gaskin").  Gaskin asserts that all evidence seized on May 8, 2014 from an
apartment in Williamsport, Pennsylvania should be suppressed because the
warrant affidavit supporting the search failed to establish probable cause.  The
court will deny Gaskin's motion.

### I.   Factual Background[1]

On May 8, 2014, at approximately 2:00 p.m., Williamsport City Police Officer
Jeremy Brown ("Officer Brown") and "PO Snyder" ("Officer Snyder") were on duty
at the intersection of Louisa Street and First Avenue in Williamsport, Pennsylvania.
They observed a black male walking down the street, whom Officer Brown
recognized to be "B[ud], the subject of a controlled buy of cocaine in the City of
Williamsport in April 2014."  (Doc. 42-3 at 3).  Due to a paucity of identifying
information, law enforcement was unable to obtain a warrant for Bud's arrest

---

[1] The following factual narrative is based upon the affidavit of probable cause
which is the subject of the instant motion.  (See Doc. 42-3).  The information
provided thereafter is derived from Gaskin's supporting papers.  (See Docs. 42, 43).

following the controlled buy.  Bud was later identified as Ibrahim Stevens ("Stevens"), Gaskin's co-defendant in this case.

Officer Brown and Officer Snyder approached and attempted to stop Stevens.  In response, Stevens rapidly changed course, walking through a secured door into an apartment building located at 909 Louisa Street.  Officer Snyder immediately moved to the rear of the building to monitor the posterior exit.  Shortly thereafter, as additional officers arrived at the scene, the landlord provided Officer Brown with access to the foyer on the main floor of the building.  Upon entering, Officer Brown and other officers detected "an odor of burnt marijuana."  (Id.)  They cleared the apartments on the first and second floors, but were unable to locate Stevens or to identify the source of the marijuana odor.  The officers subsequently ascended to the single apartment on the third floor, where they "could smell a strong odor of marijuana emanating from inside."  (Id.)  No one answered the door to the apartment.

The tenant of the third-floor apartment thereupon arrived at the foyer of the building.  Following a discussion with Officer Brown, she refused consent to search her apartment and identified her friend "R" as the most recent occupant of the premises.  *Ad interim*, officers on the second-floor balcony heard movement on a third-floor exterior balcony, where they discovered Gaskin—the individual whom the tenant referred to as "R"—in hiding.  Gaskin did not identify any persons then occupying the apartment.

Thereafter, Officer Brown submitted a sworn affidavit comprised of the foregoing facts in support of his application for a warrant to search the third-floor

2

apartment.  (See Doc. 42-3).  A magistrate judge issued the requested warrant,

authorizing law enforcement to search for and seize controlled substances and

certain related forms of contraband.  (See id.)  The warrant incorporated the

affidavit of probable cause.  (See id.)

Upon executing the warrant, the officers recovered various controlled

substances, currency, and packaging materials.  (Doc. 42 ¶¶ 20-21).  The officers

further discovered three firearms, which they subsequently seized pursuant to an

additional warrant.  (Id. ¶¶ 22-23).

## II.   **Procedural History**

On August 27, 2015, a grand jury returned a five-count indictment against

Gaskin and Stevens.  (Doc. 1).  Gaskin is charged with (1) conspiracy to distribute

controlled substances; (2) possession with intent to distribute a controlled

substance; (3) possession of a firearm in furtherance of drug trafficking; and

(4) possession of a firearm by a convicted felon.  (Id.)  Gaskin pleaded not guilty to

all counts.  (Doc. 12).  Jury selection and trial are currently scheduled to begin at

9:30 a.m. on February 1, 2016.  (Doc. 47).  On October 2, 2015, Gaskin filed the

instant motion to suppress, accompanied by a brief in support.  (Docs. 42, 43).  On

October 19, 2015, the United States filed a brief in opposition.  (Doc. 41).  The

motion is fully briefed and ripe for disposition.

## III.   **Discussion**

Gaskin seeks suppression of "all physical evidence seized from 909 Louisa

Street, Apartment 3."  (Doc. 42 at 7).  He asserts that a search warrant should not

have issued because the underlying affidavit of probable cause failed to establish a

nexus between the place to be searched and the evidence sought.  (Doc. 43 at 4-9).

The government counters that Officer Brown's sworn representation—that an odor

of marijuana emanated from the third-floor apartment—established probable cause

to believe that controlled substances and related contraband would be found

therein.  (Doc. 49 at 5-7).

Under the Fourth Amendment, a search warrant must be issued on the basis

of probable cause. U.S. CONST. amend. IV.  To establish probable cause, a warrant

application must show that there is a "fair probability that contraband or evidence

of a crime will be found in a particular place."  Illinois v. Gates, 462 U.S. 213, 238

(1983).  In reviewing a magistrate judge's decision to authorize a warrant based on

an affidavit of probable cause, the court must decide whether the magistrate judge

had a "substantial basis" for determining that probable cause existed.  United

States v. Stearn, 597 F.3d 540, 554 (3d Cir. 2010).  The court is required to give

"great deference" to the issuing judge's assessment and must consider the most

reasonable reading of the affidavit.  Gates, 462 U.S. at 236; see United States v.

Williams, 3 F.3d 69, 72 (3d Cir. 1993).

In the action *sub judice*, the court finds that the affidavit supported the

magistrate judge's determination: specifically, that probable cause existed to

believe that drug-related evidence would be found in the third-floor apartment at

909 Louisa Street.  Third Circuit jurisprudence has clearly established that the odor

of burnt marijuana alone, "if articulable and particularized," may constitute

sufficient probable cause to support a search.  United States v. Ramos, 443 F.3d 304,

308 (3d Cir. 2006).  This standard may be satisfied when the smell of burnt

marijuana is traceable to a particular apartment.  See United States v. McMillion, 472 F. App'x 138, 141 (3d Cir. 2012) (nonprecedential); United States v. Humphries, 372 F.3d 653, 659 (4th Cir. 2004).  In the instant case, Officer Brown provided a sworn affidavit declaring that he detected a "strong odor of marijuana emanating from inside the only third floor apartment" in the building.  (Doc. 42-3 at 3). Therein, Officer Brown recounted the preceding events in detail.  Specifically, he elucidated that officers cleared the apartments located on the first and second floors and that "the source of the marijuana was not emanating from those apartments." (Id.)  Under existing case law, Officer Brown's observations provided the magistrate judge with a substantial basis for finding that probable cause existed.

The court notes that certain circumambient details lend further support to the magistrate judge's determination.  For example, Officer Brown's affidavit suggested that Stevens was a drug dealer because Stevens was the suspect of a recent controlled buy.  See United States v. Whitner, 219 F.3d 289, 297-98 (3d Cir. 2000).  Moreover, when approached by the officers on the street, Stevens swiftly absconded to a secured private building.  See United States v. Navedo, 694 F.3d 463, 472 (3d Cir. 2012).  Considered in toto, the factual circumstances set forth in the affidavit evinced a fair probability that controlled substances and related contraband would be found in the third-floor apartment.  The court therefore concludes that the magistrate judge's assessment of probable cause was reasonable.

Gaskin additionally contends that "[a]lthough the odor of marijuana may establish probable cause, a hearing is necessary to determine if the odor was articulable and appropriately particularized to the apartment."  (Doc. 43 at 9 n.1).

An evidentiary hearing on a suppression motion need only be convened to resolve issues of material fact.  United States v. Hines, 628 F.3d 101, 105 (3d Cir. 2010).  As discussed *supra*, Officer Brown identified the third-floor apartment as the precise source of the marijuana odor in the affidavit of probable cause.  (Doc. 42-3 at 3).  Gaskin asserts no specific allegations of unconstitutional conduct and identifies no concrete factual disputes which would undermine the reasonableness of the magistrate judge's assessment of probable cause.  See Hines, 628 F.3d at 105.  An evidentiary hearing is therefore unnecessary to resolve the instant motion.

## IV.    Conclusion

The motion (Doc. 42) to suppress will be denied.  An appropriate order follows.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated:        December 10, 2015